IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON A. WRIGHT, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:22-cv-2262-M-BN | |
| § | | |
| GREG ABBOTT, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Don A. Wright, seeking leave to proceed *in forma pauperis* (IFP), filed a *pro se* complaint against the Governor of Texas (and his wife), the Texas Attorney General, the Texas Secretary of State, and multiple judges, prosecutors, and peace and probation officers, through which Wright seeks monetary damages based on a conspiracy to deprive him of his constitutional rights, because, on September 28, 2019, he was stopped by police who requested his driver license and automobile insurance, both of which Wright alleges are "titles of nobility"; Wright also asserts that he should not be "required [ ] to pay for said License with Federal Reserve Notes." Dkt. No. 3.

United States District Judge Barbara M. G. Lynn referred Wright's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss without prejudice any claim subject

to the favorable termination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and should dismiss with prejudice all remaining claims.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of it, if the plaintiff, for example, fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Even outside the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention

to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).

But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015)

(per curiam).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

## Discussion

*First*, Wright identifies two state felony prosecutions as related cases. *See* Dkt. No. 3 at 16 (citing F1929670, F1929671). The Court may take judicial notice of the "orders, final judgment, and docket" in both proceedings "as matters of public record." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (citations omitted). In both proceedings, on December 9, 2021, Wright was adjudged guilty of manufacturing/delivery of possession with intent to deliver a controlled substance and was placed on deferred adjudication community supervision for five years. And both prosecutions stem from a September 28, 2019 traffic stop of the same vehicle described in the complaint (a 2003 Ford Crown Victoria).

So, insofar as the civil claims emanate from orders of deferred adjudication that have not been successfully completed nor invalidated, because such an order "is a conviction for purposes of *Heck*'s favorable termination rule," *DeLeon v. City of*

*Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (footnote omitted), the claims should be dismissed because they have yet to accrue, *see McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck*'s "favorable-termination requirement" "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." (quoting *Heck*, 512 U.S. at 487)); *Colvin v. LaBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) ("Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction or confinement.").

That is, under the *Heck* rule, "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam).

*Second*, the claims against most of the named defendants are subject to summary dismissal based on immunities.

Preliminarily, "look[ing] to the substance of [Wright's] claim[s]," it is apparent that he has sued high ranking state officials in their official capacities. *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 470-71 (W.D. La. 2013) (citing *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam); collecting cases)).

So, as against Governor Abbott, Attorney General Paxton, and Secretary Scott,

this lawsuit "is 'no different from a suit against' the State of Texas," *Morris v. Livingston*, 739 F.3d 740, 745-46 (5th Cir. 2014) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), and, because Wright has not shown that the exception allowed by *Ex parte Young*, 209 U.S. 123 (1908), applies, the claims against these defendants are barred by the Eleventh Amendment. (And Wright's claim that his constitutional rights were violated by Mrs. Abbott fails on the state-action prong of 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988).).

Relatedly, because Wright fails to allege facts to show that any act by a judge named as a defendant was not a normal judicial function or undertaken without jurisdiction, the claims against the judges are barred by either judicial immunity, insofar as the judges are sued in an individual capacity, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009), or by the Eleventh Amendment, as "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity," *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citation omitted).

Similarly, as to prosecutors who Wright has sued, he fails to allege that any act by these defendants "fall[s] outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005). So these defendants are also entitled to absolute immunity. *See Imbler v.*

*Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

*Third*, as to all defendants, Wright has not pled facts to support a plausible claim that his constitutional rights were violated. *See, e.g.*, *Melton v. Tex. Dep't of Pub. Safety*, No. 3:12-cv-1483-L-BH, 2012 WL 1969363, at *1 (N.D. Tex. May 16, 2012) ("[T]he United States Supreme Court has long held that states have the right to regulate the use of state roads by requiring that drivers on those roads obtain driver's licenses, carry liability insurance, and pay taxes and fees, and that such regulation does not violate the federal constitution." (collecting cases and recommending "dismiss[al] as frivolous for failure to state a claim")), *rec. accepted*, 2012 WL 1969346 (N.D. Tex. May 31, 2012).

## Recommendation

The Court should dismiss without prejudice any claim subject to the favorable termination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and should dismiss with prejudice all remaining claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 13, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE